IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUAN COLLAZO, | ) |
| | ) |
| Movant, | ) |
| | ) NO. 3:17-cv-01016 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| UNITED STATES OF AMERICA, | ) MAGISTRATE JUDGE |
| | ) NEWBERN |
| Respondent. | ) |
| | ) |

## MEMORANDUM

Pending before the Court is pro se movant Juan Collazo's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence previously imposed in this Court by the Honorable Todd J. Campbell, now retired. (Doc. No. 1). *See United States v. Collazo*, No. 3:13-cr-00209-1 (M.D. Tenn.) [hereinafter cited as "Crim. Doc. No. ___"]. Collazo is an inmate at the Federal Medical Center, Devens, in Ayer, Massachusetts. The government filed a response to his Section 2255 motion, urging that none of Collazo's claims present a valid basis for collateral relief. (Doc. No. 6). Collazo filed a reply in response to the government's response. (Doc. No. 10). Collazo also filed a pro se motion for discovery (Doc. No. 17), to which the government has not responded.

For the following reasons, Collazo's motions will be denied, and this action will be dismissed.

## I. BACKGROUND

"This case involves a traffic stop on Interstate 40 that morphed into a warrantless search of the vehicle, which in turn uncovered a cache of cocaine. The vehicle in question was being driven by Juan Collazo, with his wife Cinthia as a passenger." *United States v. Collazo*, 818 F.3d 247, 249 (6th Cir. 2016). In October 2013, Collazo was indicted on one count of conspiracy to possess

1

five kilograms or more of cocaine with the intent to distribute the drug in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2. (Crim. Doc. No. 22). In February 2014, Collazo filed a motion to suppress the evidence recovered from his van as result of the search. (Crim. Doc. No. 53). The Court held a suppression hearing and entered a subsequent Order granting in part and denying in part the suppression motion. (Crim. Doc. No. 111). Specifically, the Court granted the motion to suppress as to the evidence obtained from Collazo's cell phone and denied the motion to suppress as to the evidence obtained from the search of the vehicle. (*Id*.)

In May 2015, Collazo entered a conditional plea of guilty to the conspiracy count, reserving his right to appeal the denial of his motion to suppress. (Crim. Doc. No. 160). The Court subsequently sentenced Collazo to 120 months of imprisonment. (Crim. Doc. No. 187).

Collazo appealed, arguing that the evidence obtained from his van should have been suppressed because (1) there was no probable cause for the traffic stop; (2) the traffic stop was unconstitutionally prolonged; and (3) the search of the van violated his Fourth Amendment rights. On March 29, 2016, the Sixth Circuit rejected all of Collazo's claims and affirmed the judgment of the Court. *Collazo*, 818 F.3d 247, 261.

Collazo filed a petition for a writ of certiorari, which the Supreme Court denied on October 7, 2016. *See Collazo v. United States*, 137 S. Ct. 169 (2016).

Collazo filed the instant Section 2255 motion on July 5, 2017.[1] (Doc. No. 1 at 14). In his Section 2255 motion, Collazo attacks his conviction and sentence on three grounds. In Ground One, he alleges a "[v]iolation of the United States Constitution's, 6th Amendment protection of the

---

[1] Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Collazo signed his motion on July 5, 2017, and the Court received his motion on July 10, 2017. (Doc. No. 1 at 14). Under the prisoner mailbox rule, Collazo filed his motion on July 5, 2017.

defendant's right to effective assistance of counsel." (*Id*. at 5). In Ground Two, he alleges that his "rights under the 4th Amendment were violated." (*Id*. at 6). In Ground Three, he alleges prosecutorial misconduct. (*Id*. at 8).

The government filed a response to the motion, conceding that Collazo's motion was timely filed and urging that none of Collazo's claims present a valid basis for collateral relief. (Doc. No. 6 at 1, 2). Collazo filed a reply in response to the government's response. (Doc. No. 10).

## II. PRELIMINARY MATTERS

Collazo also filed a motion seeking discovery, including serving interrogatories on Officers Hill and Montgomery. (Doc. No. 17).

Habeas petitioners do not have an automatic right to discovery. *See Johnson v. Mitchell*, 585 F.3d 923, 924 (6th Cir. 2009). Discovery in habeas cases is controlled by Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, which states in pertinent part that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." R. 6(a), Rules Gov'g § 2254 Cases. "Good cause" is not demonstrated by "bald assertions" or "conclusory allegations." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Rather, the requested discovery must be materially related to claims raised in the habeas petition and likely to "resolve any factual disputes that could entitle [the petitioner] to relief." *Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004) (internal quotations omitted) (citing *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)). The moving party bears the burden of demonstrating the materiality of the requested information. *Id*. Rule 6(a) does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Id*.

Here, in support of his motion seeking discovery, Collazo alleges that "[e]vidence that to this day eludes this Honorable Court. Video cameras were not turned on. Audio recording devices

3

were left in the "OFF" position. There is reason to believe that there is EXCULPATORY EVIDENCE that would negate the evidence obtained from the "POISONED TREE" (see the Silver Platter Doctrine.)." (Doc. No. 17 at 2). Specifically, Collazo asks the Court to provide him with (1) "the part where the video recording allegedly ran out of tape memory" and (2) "the chemical analysis of the 'White Powder' that was allegedly found in Petitioner's wife's purse." (*Id*.) Thus, it appears that Collazo's discovery request is made in relation to his Fourth Amendment claim found in Ground 2 of his Section 2255 motion.

However, as the Court explains *supra*, Collazo cannot use his Section 2255 motion to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, which Collazo fails to establish. Therefore, while Collazo alleges that discovery would support his federal habeas claim that his Fourth Amendment rights were violated, any discovery with regard to that claim is not permitted here. Consequently, Collazo's motion seeking discovery of (1) "the part where the video recording allegedly ran out of tape memory" and (2) "the chemical analysis of the 'White Powder' that was allegedly found in Petitioner's wife's purse" will be denied. (Doc. No. 17 at 2).

Next, Collazo seeks to serve nine interrogatories on Officer Montgomery and twenty-six interrogatories on Officer Hill. (Doc. No. 17 at Exhs. A & B). As noted above, Rule 6(a) of the Rules Governing Section 2255 Proceedings permits a movant to obtain discovery upon a showing of good cause. Collazo has not satisfied the good cause standard. The transcript of his suppression hearing is part of the record, and Officers Hill and Montgomery could be subpoenaed to testify in the event the Court deems an evidentiary hearing necessary. *See Dockery v. United States*, No. 12-2629-STA-cgc , 2015 WL 1486174, at *6 (W.D. Tenn. Mar. 31, 2015) (denying movant's motion seeking leave to propound interrogatories, finding movant had not satisfied the good cause

standard where he had not submitted his own factual affidavit, the trial record was readily available, his former attorney and witnesses could have been subpoenaed to testify had the court determined an evidentiary hearing was needed, and the merits briefing on movant's Section 2255 was complete). Collazo's request to serve interrogatories therefore will be denied. *See Kelley v. United States*, Nos. 1:13-cv-70, 1:08-cr-51, 2014 WL 2921821, at * 3 (E.D. Tenn. June 27, 2014) (denying movant's request to expand the record with interrogatories he had propounded for his criminal defense attorney and two deputies, finding the proposed documents were not needed to resolve claims raised in Section 2255 motion).

Finally, the Court must determine if an evidentiary hearing is needed. "In reviewing a § 2255 motion in which a factual dispute arises, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (internal quotation marks omitted). "[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact ." *Id*. (internal quotation marks omitted).

Upon consideration of Collazo's filings, the Court finds that there are no evidentiary issues to be resolved and that an evidentiary hearing is not required. The Court will dispose of the motion without a hearing. Rule 8(a), Rules Gov'g § 2255 Proceedings.

### III.  APPLICABLE LAW

A prisoner in custody under a sentence of a federal court may move the court to vacate, set aside, or correct his sentence on certain grounds, including that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact

5

or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir.2001), *cert. denied*, 535 U.S. 967 (2002). In Section 2255 proceedings, it is the petitioner's burden to show his entitlement to relief. *See Potter v. United States*, 887 F.3d 785, 787-88 (6th Cir. 2018).

## IV. ANALYSIS

Collazo attacks his conviction and sentence on three grounds. The first ground alleges that Collazo's attorney provided constitutionally ineffective representation. (Doc. No. 1 at 5).

**A. Ineffective Assistance of Counsel Claim**

To prevail on a claim for ineffective assistance of counsel, the movant bears the burden of showing, first, "that his counsel provided deficient performance," and second, that "the deficient performance prejudiced [his] defense." *Sylvester v. United States*, 868 F.3d 503, 509–10 (6th Cir. 2017) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Trial counsel's performance is deficient where it falls "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [movant] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

To establish prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. "In making this showing, '[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Sylvester*, 868 F.3d at 511 (quoting *Strickland*, 466 U.S. at 693). Instead, the movant "must show that 'counsel's errors were so serious as to deprive the [movant] of a fair trial, a trial whose result is reliable.'" *Id.*

6

(quoting *Strickland*, 466 U.S. at 687). "[A] court deciding an ineffective assistance claim" need not "address both components of the inquiry if the [movant] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

In his reply to Respondent's response, Collazo alleges that he is not required to establish prejudice because, in *Lee v. United States*, __ U.S. __, 137 S. Ct. 1958 (2017), the Supreme Court "lowered the bar for obtaining relief for petitioners claiming ineffective assistance of counsel. The second prong of *Strickland* is no longer required to obtain relief for ineffective assistance of counsel claims." (Doc. No. 10 at 2-3). Collazo is mistaken. In *Lee*, the Supreme Court reiterated that, "[t]o demonstrate that counsel was constitutionally ineffective, a defendant must show that counsel's representation 'fell below an objective standard of reasonableness' **and** that he was prejudiced as a result." 137 S. Ct. at 1964 (quoting *Strickland*, 466 U.S., at 688, 692) (emphasis added). The first prong of *Strickland* was not at issue in *Lee* because the government had conceded that Lee's plea-stage counsel provided inadequate representation. *See id*. The only question before the Supreme Court was whether Lee could show he was prejudiced by that erroneous advice. *See id*.

In his Section 2255 motion, Collazo alleges a "[v]iolation of the United States Constitution's, 6th Amendment protection of the defendant's right to effective assistance of counsel." (Doc. No. at 5). He provides no additional information in support of this claim. However, in his reply to Respondent's response to the Section 2255 motion, Collazo elaborates on his allegations of ineffective assistance of counsel.

First, he alleges that counsel "omitted an important Supreme Court case, *Rodriquez v. United States*, 575 U.S. [348] (2015), within the appeal he filed for Petitioner." (Doc. No. 10 at 3). He points out that his attorney "felt that [*Rodriguez*] was important enough to bring it up at the

7

change of plea hearing, but [he] did not include that argument on appeal." (*Id*.) According to Collazo, "counsel's "omission prejudiced Petitioner by not presenting the argument that redefined the 'de minimus rule,' which if presented properly could have obtained relief at the appellate level." (*Id*. at 4).

In *Rodriguez*, the Supreme Court held that, absent reasonable suspicion, police may not extend an otherwise-completed traffic stop in order to conduct a dog sniff. 575 U.S. at 348. Although Collazo's counsel did not cite *Rodriquez* in his appellate brief, counsel argued that the district court erred in denying Collazo's motion to suppress evidence on the basis of its finding that the duration of the traffic stop was reasonable and not unconstitutionally prolonged. (Appellate Case No. 15-5806, Doc. No. 19 at 26). Counsel further argued that, once a traffic stop has concluded, "any subsequent prolonging, even de minimis, is an unreasonable extension of an otherwise lawful stop." (*Id*. at 33) (quoting *United States v. Stepp*, 680 F.3d 651,661-662 (6th Cir. 2012)). With counsel having made the argument Collazo believes counsel should have made—albeit without citing specifically to the *Rodriguez* case—Collazo fails to allege how counsel's performance fell "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. Therefore, Collazo does not meet the first *Strickland* prong.

However, assuming that counsel was deficient in this regard, Collazo cannot show that the result of his appeal would have been different had counsel included a citation to *Rodriguez.* That is because the Sixth Circuit specifically applied *Rodriguez* in determining that officers did not unconstitutionally prolong Collazo's traffic stop. *Collazo*, 818 F.3d 247, 257. Citing *Rodriguez*, the Sixth Circuit found that "[t]he evidence . . . , when viewed in the light most favorable to the district court's decision, does not support the argument that 21 minutes was an unreasonable amount of time to complete the traffic stop and issue a warning for following too closely." *Id*.

The Sixth Circuit further found that "Hill and Montgomery were justified in continuing their investigation beyond the 21 minutes needed to complete the traffic stop." *Id*. at 258. Also relying on *Rodriguez*, the Sixth Circuit explained that "[t]his continued seizure did not violate Collazo's Fourth Amendment rights because, before 21 minutes had passed, Montgomery had developed a reasonable suspicion of criminal activity based on his interactions with Cinthia." *Id*. Because Collazo cannot show how, but for counsel's failure to cite to *Rodriguez*, "the result of the proceeding would have been different," *id*. at 694, Collazo fails to meet the second *Strickland* prong. Consequently, Collazo's ineffective assistance of counsel claim fails.

Second, Collazo alleges that, "[d]uring the entire proceedings[,] Mr. Komisar's advice to Petitioner was not correct and deemed ineffective as evidenced in the result of the proceedings." (Doc. No. 10 at 4). This allegation is too vague. Collazo does not explain what specific advice he believes was incorrect. District courts are not "required to create" a pro se litigant's claim for him. *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003). And conclusory claims like this are "insufficient to warrant § 2255 relief." *Lovejoy v. United States*, No. 95-3968, 1996 WL 331050, at *3 (6th Cir. June 13, 1999); *see also Dockery*, 2015 WL 1486174, at *12 (rejecting movant's "conclusory" and "unsubstantiated" claim for which movant had adduced no evidence). Collazo's bare allegation, unsupported by any facts, does not establish that his counsel's representation fell below an objective standard of reasonableness. Neither does his bare allegation establish that, but for counsel's alleged deficient performance, the result of Collazo's proceeding would have been different. Therefore, this ineffective assistance of counsel claim also fails.

Third, Collazo alleges that he "was prevented from going to trial based on [counsel] Komisar's pressure on Petitioner to plead guilty." (Doc. No. 10 at 4). On August 25, 2017, Collazo

9

stated that he would be providing the Court with an affidavit in support of his "coercion claims." (*Id*. at 5). Collazo has never submitted the affidavit.

To the extent Collazo alleges that he did not knowingly and voluntarily enter into a plea agreement, a guilty plea cannot be knowing and voluntary unless entered with the defendant's full understanding of the charges against him and the possible consequences of his plea. *Brady v. United States*, 397 U.S. 742, 748 (1970).

Collazo's petition to enter a conditional plea of guilty specified that he had sufficient opportunity to discuss with his lawyer the facts and circumstances concerning the matters mentioned in the indictment and his lawyer had counseled and advised him as to the nature and cause of every allegation against him; he and his lawyer had thoroughly discussed the government's case against him and his potential defenses to the government's case; and his lawyer had explained each element of the crime charged and what the government would offer to provide those elements beyond a reasonable doubt. (Crim. Doc. No. 154 at 1). The petition stated that Collazo understood he was facing a sentence of not less than ten years up to a maximum of life in prison, a fine up to $10,000,000, a mandatory $100 special assessment, and a term of supervised release of not more than five years in addition to such term of imprisonment. (*Id*.)

Collazo agreed in the petition that the Court could impose any lawful term of imprisonment up to the statutory maximum. (*Id*. at 2). He further acknowledged the rights he was giving up by pleading guilty. (*Id*. at 2). He also acknowledged that no promises had been made by the government as to what his sentence would be; his sentence would not be determined until after the U.S. Probation Office prepared a pre-sentence report; and his sentence would be based upon the entire scope of his criminal conduct, his criminal history, the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553. (*Id*. at 2-3). Collazo acknowledged that his lawyer had done

10

all the investigation and research in this case that he had asked him to do, had reviewed the discovery material provided by the government, and that he was satisfied with his representation at that time. (*Id*.)

In accepting Collazo's conditional guilty plea on May 4, 2015, the Court engaged in the plea colloquy procedure as mandated by Rule 11 of the Federal Rules of Criminal Procedure. (Crim. Doc. No. 160). The Court first advised Collazo of the elements of the crime to which he was pleading guilty and which the government would be required to prove beyond a reasonable doubt. (*Id*. at 8-10). The Court asked Collazo if he had told his lawyer everything he knew about the facts upon which the charges are based; if he and his lawyer had talked about what the government would have to prove beyond a reasonable doubt in order for a jury to find Collazo guilty; and if he had discussed any possible defenses with his lawyer, all to which Collazo answered yes. (*Id*. at 11). The Court asked if he was satisfied with his lawyer, to which Collazo answered yes, and if he had complaints about his lawyer, to which Collazo answered no. (*Id*.)

The Court informed Collazo of the maximum possible penalty provided by law, as well as the mandatory minimum sentence, and Collazo confirmed that he understood. (*Id*. at 11-12). The Court then advised Collazo of the rights he was giving up by pleading guilty and confirmed that Collazo still wanted to plead guilty. (*Id*. at 13-15).

The Court specifically asked whether anyone had forced him to plead guilty; he answered "No, sir." (*Id*. at 16). He also answered "No" to the question of whether anybody put any pressure on him in any way to make him plead guilty. (*Id*.) The Court asked, "Are you sure?" to which Collazo answered "Yes." (*Id*. at 16-17). The Court then asked again, "Has anybody put any pressure on you to make you plead guilty?" and Collazo answered "No." (*Id*. at 17). The Court

11

asked if anyone had promised Collazo anything if he plead guilty, and Collazo answered "No, sir." (*Id*.)

At the Court's request, the government stated on the record the factual basis for the plea. (*Id*. at 19-22). Upon questioning by the Court, Collazo agreed with the government's summary of the facts and stated that he was pleading guilty because he was in fact guilty. (*Id*. at 23-24). The Court next determined that Collazo was competent to enter a guilty plea, finding as follows:

> The Court has observed Mr. Collazo. He is in full possession of his faculties. He is competent. He is not under the apparent influence of drugs. He understands the nature of the charge. He understands the maximum possible penalty. He understands the mandatory minimum sentence. He understands that the disputed facts do not result in the lack of a knowing, intelligent, and voluntary guilty plea. He's waived his constitutional rights. He is aware there is no plea agreement; simply a conditional plea of guilty where he's reserved the right to appeal the suppression motion ruling that was adverse to him. There is a factual basis for the plea of guilty notwithstanding the disputed facts that were identified earlier. And he's offered to plead guilty knowingly, intelligently, and voluntarily.
>
> The plea of guilty is accepted, and Mr. Collazo is adjudged guilty of the offense charged in Count One of the indictment.

(*Id*. at 24).

The Sixth Circuit Court of Appeals has held that a defendant's sentence will not be vacated on the ground that the plea of guilty was coerced or is otherwise illegal where the defendant was "carefully interrogated by the trial judge with respect to the offenses committed," where the defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2, 3 (6th Cir. 1961); *see Bishop v. United States*, Nos. 3:05-cr-035, 3:10-cv-089 , 2013 WL 77860, at *4-5 (E.D. Tenn. Feb. 28, 2013) (finding that movant could not now allege that his guilty plea was not knowing and voluntary, or was otherwise invalid, where the record reflected that movant knowingly and voluntarily signed the plea agreement and pleaded

guilty) (citing *States*). It is well-settled that where a court scrupulously follows the requirements of Federal Rule of Criminal Procedure 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir.1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696–97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice").

Based upon the foregoing, Collazo cannot now allege that his guilty plea was not knowing and voluntary. The record reflects that Collazo knowingly and voluntarily signed the plea agreement and pleaded guilty. His claim that he was unable to make an intelligent and informed decision as to whether to plead guilty lacks merit.

Next, as to Collazo's claim that his attorney provided ineffective assistance by advising him to plead guilty, the two-part test of *Strickland v. Washington* applies to ineffective assistance of counsel claims in cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 57–58 (1985). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* at 56 (internal quotation marks and citations omitted). "[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59; *see also Padilla v. Ky.*, 559 U.S. 356, 372 (2010) ("[T]o obtain relief on this type of claim, a [prisoner] must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.").

The issue is whether counsel's performance "was so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir.1992) (*en banc* ). Because he is seeking relief under Section 2255, a movant bears the burden

13

of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Collazo does not describe how defense counsel coerced Collazo to plead guilty. Neither does he specify the defense his attorney should have pursued had the case gone to trial. As previously noted, Collazo's guilty plea was knowingly and voluntarily entered, and he cannot now argue that his attorney coerced him into pleading guilty. His allegations of ineffective assistance of counsel in that regard lack merit. *See McClendon v. United States*, 1:11-cr-79, 1:14-cv-308, 2018 WL 1524607, at *6 (E.D. Tenn. Mar. 28, 2018) (denying ineffective assistance of counsel claim raised in 2255 motion where movant alleged that counsel coerced movant to plead guilty, finding that movant "was bound by his testimony under oath at the arraignment" in which movant stated that "the only person who had misled him about his potential sentence was himself" ); *King v. United States*, 2:12–cv–02016–STA–dkv, 2015 WL 1467099, at *10 (W.D. Tenn. Mar. 30, 2015) (denying ineffective assistance of counsel claim brought in Section 2255 motion where movant alleged that counsel forced movant to plead guilty despite his actual innocence, finding that movant failed to establish deficient performance and prejudice) .

In summary, none of Collazo's theories of ineffective assistance of counsel succeed as a matter of law. Therefore, Ground Two of his Section 2255 motion will be dismissed.

## B.  Fourth Amendment Claims

In Ground Two, Collazo alleges that his "rights under the 4th Amendment were violated." (Doc. No. 1 at 6). Specifically, he alleges that "the arresting officer after completing the traffic stop did not release him." (*Id.*) He also alleges that the additional evidence should have been suppressed as fruit of the poisonous tree. (*Id.*)

14

On direct appeal of the denial of his motion to suppress, Collazo argued that the evidence obtained from his van should have been suppressed because (1) there was no probable cause for the traffic stop; (2) the traffic stop was unconstitutionally prolonged; and (3) the search of the van violated his Fourth Amendment rights. *Collazo*, 818 F.3d 247, 249. The Sixth Circuit Court of Appeals affirmed the district court, finding that the traffic stop and the officers' subsequent search of the van did not violate Collazo's rights. *Id.* at 253. In particular, the Sixth Circuit held that Officer Hill had probable cause to stop Collazo's van for following too closely, the officers did not unconstitutionally prolong the traffic stop, and Officers Hill and Montgomery had probable cause to search Collazo's van. *See id.* at 249-259. Collazo filed a petition for a writ of certiorari, which the Supreme Court denied on October 7, 2016. *See Collazo*, 137 S. Ct. 169.

"It is . . . well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (citing *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996) and *Davis v. United States*, 417 U.S. 333, 345 (1974)). Here, Collazo fully and fairly litigated his Fourth Amendment claims on direct appeal. He does not allege that there has been an intervening change in the law. Instead, Collazo argues that "[a] blind person could see within the transcripts and testimony from Officers Hill and Montgomery that there were practiced liars." (Doc. No. 10 at 5). Therefore, although he "understands that the Sixth Circuit has spoken," he believes that the decision rests on fraudulent testimony, which constitutes a highly exceptional circumstance warranting the relitigation of those claims. (*Id.*)

On appeals of denials of a motion to suppress evidence, the Sixth Circuit reviews the district court's findings of fact "under the clear-error standard and its conclusions of law de novo."

15

*Collazo*, 818 F.3d 247, 253 (quoting *United States v. Quinney*, 583 F.3d 891, 893 (6th Cir. 2009) (internal quotation marks omitted). The Sixth Circuit also considers "'the evidence in the light most likely to support the district court's decision.'" *Id.* (quoting *United States v. Pritchett*, 749 F.3d 417, 435 (6th Cir. 2014) (citation omitted)). "A factual finding is clearly erroneous when, although there may be evidence to support it, the reviewing court, utilizing the entire evidence, is left with the definite and firm conviction that a mistake has been committed." *United States v. Sanford*, 476 F.3d 391, 394 (6th Cir. 2007) (citation and internal quotation marks omitted). Factual findings are not clearly erroneous "where there are two permissible views of the evidence." *Id.* (brackets and citation omitted).

In reviewing the Court's denial of Collazo's motion to suppress under these standards, the Sixth Circuit noted that Collazo asserted on appeal that the Court erred by not considering the credibility of Officers Hill and Montgomery. *Collazo*, 818 F.3d at 260. The Sixth Circuit went on to conclude:

> His argument is not only without merit, but raises the broader point that much of Collazo's arguments seek to relitigate the credibility of the witnesses and their stories. As an appellate court, however, we are constrained to view the facts in the light most favorable to the district court's decision, *see United States v. Pritchett*, 749 F.3d 417, 435 (6th Cir. 2014), with deference to be given to the district court's credibility findings, *see United States v. Ross*, 300 Fed. Appx. 386, 390 (6th Cir. 2008) ("Matters of credibility are largely within the purview of the fact-finder ... and findings of credibility are entitled to deference on appeal."). We therefore reject all of Collazo's claims.

*Collazo*, 818 F.3d at 260-61. Thus, the Sixth Circuit not only affirmed the judgment of the Court as to Collazo's Fourth Amendment claims but, in so doing, specifically considered and rejected Collazo's argument that Officers Hill and Montgomery's testimonies were fraudulent. Having failed to meet the standard set forth in *Jones*, Collazo may not relitigate his Fourth Amendment

claims in his Section 2255 petition. Therefore, Ground Two of his Section 2255 motion will be dismissed.

## C. Prosecutorial Misconduct Claim

Finally, in Ground Three, Collazo alleges that the prosecutor in his criminal case committed misconduct. (Doc. No. 1 at 8). Specifically, Collazo contends that "[t]he prosecutor mislead [sic] the Court on the issues of illegal search and seizure." (*Id.*)

Collazo did not raise a prosecutorial misconduct claim before the district court or on direct appeal. Therefore, Collazo has procedurally defaulted his prosecutorial misconduct claim. "[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003) (citing *United States v. Frady*, 456 U.S. 152, 167-168 (1982), and *Bousley v. United States*, 523 U.S. 614, 621–22 (1998)). Procedurally defaulted claims also may be considered on collateral review if the petitioner establishes actual innocence. *Goward v. United States*, 569 F. App'x 408, 411 (6th Cir. 2014).

Collazo does not argue that he is actually innocent. Neither does Collazo offer cause and prejudice to excuse the procedural default of his prosecutorial misconduct claim. Thus, the prosecutorial misconduct charge may not be considered. *See Poulsen v. United States*, 717 F. App'x 509, 517 (6th Cir. 2017) (affirming lower court's finding that movant could not raise a claim of prosecutorial misconduct in a Section 2255 motion where the defendant had failed to raise the issue previously, resulting in the claim being procedurally defaulted); *Goward v. United States*, 569 F. App'x 408, 411 (6th Cir. 2014) (affirming lower court's finding that movant could not raise a claim of prosecutorial misconduct in a Section 2255 motion where the defendant had failed to

17

Case 3:17-cv-01016   Document 18   Filed 06/24/20   Page 17 of 19 PageID #: 179

raise the issue in his criminal case or on direct appeal, resulting in the claim being procedurally defaulted).

In Ground Three, Collazo further contends that "[t]he prosecution through sophistry used FRAUDULENT CONCEALMENT to corerce [sic] Petitioner to plead guilty relying on evidence that would, under Constitutional analysis, not have been admissable [sic] in Court." (Doc. No. 1 at 8). In his Section 2255 motion, Collazo does not identify the alleged "sophistry" used by the prosecutor to coerce him. However, in his reply to Respondent's response, he alleges that the prosecutor knew that Officers Hill and Montgomery lied and proceeded "knowingly having [these] witnesses testif[ied] on fabricated testimony." (Doc. No. 10 at 6).

During his plea hearing, Collazo testified under oath that no one had forced him to plead guilty, that no one had put "any pressure on him in any way" to make him plead guilty, that no one had promised him anything to encourage or entice him to enter his plea, that he knew what he was doing, and that he was entering his plea voluntarily. (Crim. Doc. No. 154 at 16). Thus, the record reflects that Collazo's plea was voluntarily, knowingly, and intelligently made. He is now bound by his responses given under oath to the Court's inquiries regarding the knowledge and voluntariness of his plea. *See Baker v. United States*, 781 F.2d 85, 90 (1986).

Further, where a defendant acknowledges under oath that his guilty plea is not the result of any threats, coercion, or inducements made by the government or any law enforcement agencies, a claim that the plea was obtained through prosecutorial misconduct is meritless. *See United States v. Brown*, 96 F. App'x 380, 382-383 (6th Cir. 2004) (rejecting coercion claim as "meritless" where defendant "acknowledged under oath that her guilty plea was not the result of any threats, coercion or inducement made by the government" and the record confirmed that the plea was voluntary); *United States v. Sturgill*, 761 F. App'x 578, 582 (6th Cir. Jan. 28, 2019) (citing *Brown* with

18

approval). Consequently, Collazo's prosecutorial misconduct claim fails, and Ground Three of his Section 2255 motion will be dismissed.

## V. CONCLUSION

For these reasons, Collazo's motion for discovery (Doc. No. 17) will be denied. In addition, the three claims raised in his Section 2255 motion fail as a matter of law. Accordingly, his motion under 28 U.S.C. § 2255 (Doc. No. 1) will be denied, and this action will be dismissed.

## VI. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Cases requires that a district court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the "applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court finds that Collazo has not satisfied this standard and will therefore deny a certificate of appealability as to each claim raised in his Section 2255 motion.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE